IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CORINA JOANN PUCKETT                                                                PETITIONER
ADC #707267

V.                                   NO.  5:04cv00336 JMM-JWC

LARRY NORRIS, Director,                                                             RESPONDENT
Arkansas Department of Correction

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## RECOMMENDED DISPOSITION

Corina Joann Puckett, an Arkansas Department of Correction (ADC) inmate, brings this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #1). Respondent concedes that Petitioner is in his custody and has exhausted all nonfutile state remedies, *see id.* § 2254(a-c), but asserts that the petition should be dismissed for other reasons (docket entry #15). Petitioner has replied (docket entry #17). For the reasons that follow, the petition should be **dismissed** as untimely.

I.
Background

In September 2001 in the Circuit Court of Hot Spring County, Arkansas, Petitioner and a co-defendant, Terri Weaver, pleaded guilty to charges of aggravated robbery and criminal attempt to commit first degree murder. Pursuant to a plea agreement, Petitioner was sentenced only for aggravated robbery, receiving an imprisonment term of twenty-five

years.  (Resp't Ex. 2.)[1]  On October 9, 2001, her judgment and commitment order was signed by the judge and filed with the circuit court clerk.  (Resp't Ex. 1.)  *See Bradford v. State*, 94 S.W.3d 904, 908-09 (Ark. 2003) (criminal judgment is effective when entered of record by filing with court clerk).  By pleading guilty, Petitioner waived her right to a direct appeal under Arkansas law.  Ark. R. App. P.-Crim. 1(a) (2007).

On January 2, 2002, she filed in the state circuit court a motion to withdraw her plea and/or a petition for post-conviction relief pursuant to Ark. R. Crim. P. 37.  (Resp't Ex. 3.)  Her petition was denied as without merit.  *State v. Weaver & Puckett*, No. CR-2001-113-2 (Hot Spring Co. Cir. Ct. Mar. 20, 2002) (Resp't Ex. 4).  She appealed, and the decision was affirmed.  *Weaver & Puckett v. State*, No. CR 02-737, 2003 WL 22209340 (Ark. Sup. Ct. Sep. 25, 2003) (Resp't Ex. 5).  The mandate issued on October 15, 2003.  (*See* Resp't Ex. 7.)

On February 24, 2004, Petitioner filed in the Arkansas Supreme Court a pro se "petition for belated rehearing; and/or in the alternate, petition for state habeas corpus." (Resp't Ex. 6.)  The Arkansas Supreme Court denied relief.  *Weaver & Puckett v. State*, No. CR 02-737, 2004 WL 743847 (Ark. Sup. Ct. Apr. 8, 2004) (Resp't Ex. 7).

Petitioner then filed this federal habeas petition, advancing the following claims:

    1.    Her judgment and commitment does not reflect the charge of criminal attempt to commit first degree murder;[2]

---

[1] Respondent's exhibits are attached to docket entry #15.

[2] This claim appears to be related to Ground 4.  From reviewing Petitioner's similar arguments in her state post-conviction proceedings (Resp't Ex. 3, 6), the Court believes the gist of Grounds 1 and 4, read together, is that she was subjected to double jeopardy because she pleaded guilty in open court to both criminal attempt to commit murder and the lesser-included offense of aggravated robbery, even though the subsequently-entered judgment and commitment order only reflects aggravated robbery.  She also appears to be arguing that the trial court had no

      2.     She gave a coerced statement "of lies and partial truthfulness" to police because she was promised a lesser sentence if she gave a statement pointing all the blame to her co-defendant, Weaver; when she decided not to testify against Weaver, the prosecutor withdrew his offer of a ten-year sentence and stated he would give her nothing less than twenty-five years on a guilty plea and would ask for a life sentence if she went to a jury trial;

      3.     She was coerced into incriminating herself in exchange for a light sentence, but still received a harsh sentence;

      4.     Her conviction was obtained by a guilty plea which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of her plea, which inadvertently resulted in double jeopardy, clerical error and violation of her plea bargain; she was also subjected to double jeopardy by the court's sentencing her *in absentia* in violation of her right to be present at all stages of her criminal proceeding; and

      5.     Her attorney rendered poor representation by consulting with her only five to ten minutes before going into the courtroom, failing to make her aware of the evidence against her, and refusing to request a mental evaluation.

Respondent asserts: (1) that the entire petition should be dismissed as untimely; (2) that Grounds 1, 2 and 3 are procedurally defaulted because Petitioner never raised them in state court or failed to raise them properly; and (3) that this Court should defer to the Arkansas Supreme Court's decision as to Grounds 4 and 5. Because the Court finds that the petition is untimely for the following reasons, the last two arguments need not be addressed.

II.
## Statute of Limitations

A state prisoner seeking to challenge his or her state court conviction in federal court must file a petition for federal habeas relief within one year after the state conviction

---

jurisdiction to enter that order and that its entry denied her the right to be present at all stages of her criminal proceedings because it was entered in her absence and did not accurately reflect her plea agreement or the representations at her plea hearing.

becomes final by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Following Petitioner's guilty plea in the instant case, her judgment and commitment order was entered of record by the state circuit court clerk on October 9, 2001. By pleading guilty, she waived her right to direct review under Arkansas law, thereby making her judgment final at the time of entry. Assuming Petitioner submitted this federal habeas petition to prison officials for mailing on the day she signed it, the petition was "filed" on September 7, 2004, which was 1064 days after entry of judgment and, therefore, outside the one-year limitations period. *See* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts (inmate filing is timely if deposited in the institution's internal mailing system on or before the last day for filing); *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) (timeliness of federal habeas petition measured from date delivered to prison authorities for mailing to court clerk).

The time during which a properly filed state post-conviction proceeding is pending is not counted toward the one-year limitations period. 28 U.S.C. § 2244(d)(2). A state post-conviction application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). A post-conviction application is pending "as long as the ordinary state collateral review process is 'in continuance,'" that is, until the application "has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). The time that a post-conviction application is "pending" includes the interval between a lower court's adverse determination and the prisoner's filing of a timely notice of appeal, *id.* at 217, 219-

21; *Evans v. Chavis*, 126 S. Ct. 846, 849 (2006); but does not include the period during which a prisoner may be seeking review of any state appellate decision through a petition for certiorari to the United States Supreme Court, *Lawrence v. Florida*, 127 S. Ct. 1079, 1082-83 (2007).

It is undisputed that Petitioner's Rule 37 post-conviction petition was timely and properly filed, as was her appeal of the denial. *See* Ark. R. Crim. P. 37.2(c) (Rule 37 petition must be filed within ninety days of entry of judgment of conviction following entry of guilty plea); Ark. R. App. P.-Crim. 2(a)(4) (notice of appeal must be filed within thirty days from entry of order denying Rule 37 petition). The federal limitations period was tolled, therefore, from the initiation of the Rule 37 proceedings in the state circuit court on January 2, 2002, until they "achieved final resolution" on October 15, 2003, when the Arkansas Supreme Court issued its mandate affirming the Rule 37 denial, a period of **651 days**. *See Lawrence*, 127 S. Ct. at 1082-83 (state post-conviction application remains "pending" until state's highest court has issued its mandate or denied review); *Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (under Missouri law, state post-conviction proceedings reached final resolution upon issuance of mandate); Ark. Sup. Ct. R. 5-3(a) (in all cases, mandate will be issued when appellate decision becomes final).

Next, Petitioner filed in the Arkansas Supreme Court a "petition for belated rehearing; and/or in the alternate, petition for state habeas corpus." Ark. Sup. Ct. R. 2-3(a) requires that any petition for rehearing must be filed within eighteen days of the appellate decision. Petitioner's petition was filed more than four months after the Arkansas Supreme Court's affirmance of the Rule 37 denial and was thus clearly untimely, as noted by the Arkansas Supreme Court in denying relief. (Resp't Ex. 7.) Despite the untimeliness, the

court nevertheless went on to find that the petition did not demonstrate error of law or fact in the court's original decision. *Id.* The supreme court also held that Petitioner's alternative request for state habeas relief should have been directed first to the circuit court in the county of incarceration where an evidentiary hearing could have been held, if deemed appropriate. *Id.* The court did not, however, state that it lacked jurisdiction to entertain the request for habeas relief in the first instance. *See* Ark. Const., amend. 80, § 2(E) (conferring on Arkansas Supreme Court the authority to issue and determine petitions for extraordinary writs); *Cloird v. State*, 99 S.W.3d 419, 421 (Ark. 2003) (supreme court has original jurisdiction to hear state habeas petitions); Ark. Code Ann. § 16-112-102(a)(1) (2006) (power of state supreme court and circuit court to issue habeas writs "shall be coextensive with the state"). Under these circumstances, this Court cannot find – and Respondent does not argue – that Petitioner's petition for rehearing/habeas relief was not a "properly filed" application for state post-conviction relief. Therefore, the federal limitations period was also tolled from the filing of the petition (February 24, 2004) to its disposition (April 8, 2004), a period of **44 days**.

In summary, this federal habeas petition was filed **1064 days** after entry of Petitioner's state judgment of conviction, but the limitations period was tolled while her Rule 37 proceedings were pending (**651 days**) and while her petition for rehearing/habeas relief was pending (**44 days**). Excluding those two periods (**695 days**), Petitioner's federal habeas petition was filed **369 days**, i.e., more than one year, after her state conviction became final. Unless she can establish some basis for tolling or extending the limitations period, this petition must be dismissed as time-barred.

Section 2244(d)(1) contains three provisions which will delay the date on which the statute of limitations begins running. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). There is no allegation or evidence of any factual predicates which could not have been discovered earlier, and the constitutional rights at issue are well-established, rendering subsections (d)(1)(C) and (d)(1)(D) inapplicable. *See Brown v. Mississippi*, 297 U.S. 278 (1936) (use of involuntary confessions violates due process); *North Carolina v. Alford*, 400 U.S. 25 (1970) (requirement that plea be voluntary and intelligent); *Bram v. United States*, 168 U.S. 532 (1897) (Fifth Amendment privilege against self-incrimination); *North Carolina v. Pearce*, 395 U.S. 711 (1969) (double jeopardy clause protects against multiple punishments for the same offense); *Kentucky v. Stincer*, 482 U.S. 730 (1987) (defendant's due process right to be present at criminal proceedings); *Hill v. Lockhart*, 474 U.S. 52 (1985) (counsel's ineffectiveness in connection with guilty plea). Furthermore, any suggestion that the underlying facts or legal arguments were unavailable earlier is belied by Petitioner's state court proceedings, where she raised claims similar to those now presented here. (Resp't Ex. 3, 6.)

Under subsection 2244(d)(1)(B), the running of the limitations period may be delayed by a state-created impediment violating the United States Constitution or federal law. *See Finch v. Miller*, No. 06-3790, 2007 WL 1757956, *1 (8th Cir. June 20, 2007). In addition to the statutory mechanisms, the limitations period may also be equitably tolled where a petitioner demonstrates that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Lawrence*, 127 S. Ct. at 1085.

Petitioner says she did not file her habeas petition sooner because she did not understand her legal rights, had no legal knowledge, and was not advised of the proper steps to take. She said she relied upon legal assistance from the prison law library and other inmates. For several reasons, these allegations are insufficient to amount to an unconstitutional state-created impediment under § 2244(d)(1)(B) or justify equitable tolling.

First, Petitioner has not demonstrated that any alleged shortcomings in the prison law library actually prevented her from filing a federal habeas petition in a timely manner. *See Finch*, *supra* at *2. Prison law libraries and legal assistance programs "are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Petitioner does not contend that the prison law library did not contain the applicable statutes, that the statutes were concealed from her, that they were not accessible either through the books or the computer or the assistance of library personnel, or that she was prevented in any way from utilizing the library's resources. In fact, many inmates from the unit where Petitioner is housed have managed to file timely federal habeas petitions since passage of the limitations statute eleven years ago, and various related issues have been litigated frequently.

Additionally, there is no requirement, constitutional or otherwise, that the ADC or any state officials inform state prisoners of changes in the law generally or, specifically, of the one-year limitations period for federal habeas petitions. "Prisoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul." *Baker v. Norris*,

321 F.3d 769, 772 (8th Cir. 2003). Habeas petitioners are expected to exercise reasonable diligence to be aware of and comply with applicable filing deadlines.

Nor is the delay excused by the fact that Petitioner's attorney in her state court proceedings failed to advise her about the federal habeas limitations period. There is no constitutional right to the assistance of an attorney in state or federal collateral post-conviction proceedings. *Coleman*, 501 U.S. at 752; *Boyd v. Groose*, 4 F.3d 669, 671 (8th Cir. 1993). Additionally, the omissions of a state-appointed attorney do not constitute the type of state-created impediment contemplated by § 2244(d)(1)(B). *See Lawrence*, 127 S. Ct. at 1085-86 ("A state's efforts to assist prisoners in post-conviction proceedings does not make the State accountable for a prisoner's delay."); *Finch*, *supra* at *2 (failure of state counsel to inform petitioner of post-conviction appeal rights was not § 2244(d)(1)(B) impediment created by state action).

Moreover, the circumstances alleged by Petitioner were not so "extraordinary" as to warrant equitable tolling. Equitable tolling affords "an exceedingly narrow window of relief" and is not justified by a petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about or miscalculations of the federal limitations period. *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004); *see Baker*, 321 F.3d at 771-72 (incarcerated petitioner's limited law library access and alleged lack of notice of the statute of limitations is inadequate to warrant equitable tolling). Where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is inapplicable because Congress is presumed to have considered such equities in enacting the limitations period and the enumerated statutory provisions. *Jihad v. Hvass*, 267 F.3d 803, 806-07 (8th Cir. 2001). In light of this case law, Petitioner's lack

of legal knowledge and assistance does not present any basis for application of the equitable tolling doctrine.

Petitioner has not demonstrated that the one-year limitations period should be tolled or extended under any statutory or equitable principles; therefore, her federal habeas petition should be dismissed as untimely.

### III.
### Conclusion

Accordingly, this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #1) is untimely and should be **dismissed in its entirety with prejudice**.

DATED this 31st day of July, 2007.

_____
UNITED STATES MAGISTRATE JUDGE